IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JANE M. DOE, | ) | CASE NO. 01CV1112 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| -vs- | ) | |
| | ) | |
| UNITED CONSUMER | ) | **DEFENDANTS' MEMORANDUM IN** |
| FINANCIAL SERVICES, et al, | ) | **SUPPORT OF MOTION FOR** |
| | ) | **RULE 11 SANCTIONS** |
| Defendant(s). | ) | |

## I. INTRODUCTION

On May 7, 2001, Plaintiff filed a Complaint setting forth eight claims for relief. In response, Defendants filed a Motion to Dismiss and Memorandum in Support Thereof because none of the eight counts in the Complaint came anywhere close to stating a claim upon which relief can be granted. The serious and fatal deficiencies in Plaintiff's Complaint were set forth in detail within Defendants' Motion to Dismiss and will not be restated here.

This motion for sanctions focuses in particular on Plaintiff's four federal claims. Specifically:

Count I – Plaintiff seeks to invoke protection under Title VII for discrimination resulting from her status as a transgendered person.

Count II – Plaintiff seeks to invoke protection under Title VII for a hostile work environment resulting from her status as a transgendered person.

Count III – Plaintiff seeks to assert a claim under the ADA based upon her "disability,"

1

gender identity disorder.

Count IV– Plaintiff seeks to assert a §1983 conspiracy claim against private individuals, claiming there is "color of state law" since Ohio does not prohibit discrimination against transgendered persons.

These four claims do not pass even a red face test under established, controlling law.

## II. LAW AND ARGUMENT

Under Rule 11 of the Federal Rules of Civil Procedure, an attorney's signature on a pleading certifies to the court that, to the best of her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (2) [t]he claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law for the establishment of new law.

Fed. R. Civ. P.11(b)(2). When a violation of Rule 11 occurs, the court must impose an appropriate sanction upon the attorney who is responsible for the violation. Such a sanction shall "be sufficient to deter repetition of such conduct or comparable conduct by other similarly situated." Fed. R. Civ. P. 11(c)(2). Moreover, such sanctions may consist of or include payment to the movant of some or all of the attorneys fees and other expenses reasonably incurred as a result of the violation of Rule 11. Id.

In the Sixth Circuit, the test for imposition of Rule 11 sanctions is whether the attorney's conduct was reasonable under the circumstances. Ridder v. City of Springfield, 109 F.3d 288, 293 (6th Cir. 1997). More specifically, when an attorney and litigant file a complaint, sanctions are warranted if it is clear that:

> (1) a reasonable inquiry into the basis for a pleading has not been made;

2

(2) under existing precedents there is no chance of success; and
(3) no reasonable argument has been advanced to extend, modify, or reverse the law as it stands.

Holling v. United States, 1995 U.S. Dist. LEXIS 20121 (E.D. Mich. December 28, 1995), quoting International Shipping Co., S.A. v. Hydra Offshore, Inc., 875 F.2d 388, 390 (2d Cir.), cert. denied, 493 U.S. 1003, 107 L.Ed.2d 558, 110 S.Ct. 563 (1989)(attached hereto as Exhibit 2); See also Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 254 (2d. Cir. 1985). On these bases, the Sixth Circuit, and several district courts therein, have imposed sanctions upon attorneys who have failed to perform a reasonable inquiry as to whether a claim was warranted by existing law before filing the complaint. See e.g. Herron v. Jupiter Investment, 858 F.2d 332 (6th Cir. 1988)(sanctions are proper when a reasonable inquiry would have disclosed that the complaint was either lacking in factual support or unwarranted by existing law); Sheldon v. McGraw-Hill, Inc., 777 F. Supp. 1369 (E.D.Mich. 1991) (granting summary judgment for defendant and holding that attorney violated Rule 11 by failing to perform reasonable inquiry as to existing law for his age discrimination, breach of contract, and tortious interference with business contract claims).

Federal courts are in agreement that Rule 11 sanctions are warranted when a party files a complaint that is based on a *legal theory* that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law. Pelletier v. Zweifel, 921 F.2d 1465, reh'g denied, 931 F.2d 901, cert. denied, 510 U.S. 918, 114 S.Ct. 311 (11th Cir. 1991); City of St. Louis v. Circuit Ct. for 20th Judicial Circuit, 986 F.2d 1142 (7th Cir. 1993). "Flights of legal fancy and optimistic speculation in complaints * * * are improper under [Rule 11]." Holling, *supra* at *11-12, quoting Whittington v. Ohio River Co., 115 F.R.D. 201, 207-08 (E.D.Ky. 1987). Thus, an advocate must represent her client within the structure of existing law, and not some imagined

3

version of it. Thornton v. Wahl, 787 F.2d 1151 (7th Cir. 1986), cert. denied, 479 U.S. 851, 93 L.Ed.2d 116 (1986). In sum, a legal contention is not warranted by existing law if it is based on legal theories that are plainly foreclosed by well-established legal principles and authoritative precedent. See *Moore's Federal Practice, 3d,* § 11.11[7][a].

In filing this Complaint, Plaintiff and her counsel proceed under legal theories that are simply foreclosed by controlling Sixth Circuit precedent as well as federal and state law. Of particular concern are Plaintiff's federal causes of action upon which this Court's jurisdiction is based. Foremost, Plaintiff has failed to support her Title VII claims with the appropriate factual basis. Indeed, there are absolutely no factual allegations in the record to support a hostile work environment or a sex discrimination claim on the basis of her sex. See *Defendants' Memorandum In Support of Motion to Dismiss* at 6-7. Accordingly, sanctions are appropriate because even with the facts presented, Plaintiff fails to state a cognizable claim under Title VII.[1] See Bush v. Zeeland Board of Education, 1997 U.S. Dist. LEXIS 3393 (W.D.Mich. February 27, 1997)(holding that pro se plaintiff violated Rule 11 by filing entirely groundless complaint that failed to state a claim under Title VII)(attached hereto as Exhibit 3).

The Sixth Circuit has imposed Rule 11 sanctions upon attorneys who attempt to disguise noncognizable claims with artful pleading. In Albert v. The Edward J. DeBartolo, 1993 U.S. App. LEXIS 19668 (6th Cir. July 20, 1993)(attached hereto as Exhibit 4), plaintiff brought claims for sexual discrimination and defamation after he was discharged from his job following reports that he

---

[1]The Sixth Circuit has squarely rejected similar attempts by plaintiffs who recharacterize their allegations so as to state a cognizable Title VII claim yet lack the necessary factual support. See Dillon v. Frank, 1992 U.S. App. LEXIS 766 (6th Cir. January 15, 1992), discussion, *infra, Defendants' Motion to Dismiss and Memorandum in Support.*

4

sexually harassed another employee. Id. at *1. The Sixth Circuit upheld the dismissal of plaintiff's complaint because he failed to allege sufficient facts to support a "disparate treatment" or "hostile work environment" Title VII violation. Id. at *4. The court also found that the plaintiff and his counsel violated Rule 11 by asserting a hostile work environment claim that was "objectively unreasonable" and "baseless," (Id. at *15), noting that the plaintiff's real complaint – that he was wrongfully discharged because he was falsely accused of sexual harassment – "was not a cognizable claim under Title VII." Id. at *4. Similarly, Plaintiff's attempt to bootstrap her claims into Title VII coverage lack both factual and legal support and must be subject to sanctions.

As Defendants' Memorandum in Support of their Motion to Dismiss more fully explains, Plaintiff brings two other federal claims that have simply no basis in existing law or a reasonable extension thereof. See *Defendants' Memorandum in Support of Motion to Dismiss* at 8-10. Plaintiff boldly asserts that she suffers from a "disability" that is covered under the ADA and was discriminated on the basis of her disability by Defendants. *Complaint* at ¶55. Not only does Plaintiff fail to allege even the factual predicate for her claim by omitting how her "disability" substantially affects a major life activity, she fails to cite any legal authority or make any argument that would circumvent the Act's plain statutory language specifically precluding coverage for her alleged disability.

In a similar vein, Plaintiff brings a §1983 claim against Defendants without even making a cognizable argument that "state action" was involved. See Bush v. Zeeland Board of Education, *supra*, 1997 U.S. Dist. LEXIS 3393 (W.D.Mich. February 27, 1997)(dismissing plaintiff's §1983 claim because he could not show that defendant union acted under color of state law)(Exhibit 3). She also brings state law tort claims that simply have no reasonable basis in law or fact. With

minimum investigation and research, Plaintiff's counsel should have learned of the frivolous nature of these charges prior to the filing of her Complaint. Accordingly, there can be no doubt that Plaintiff's claims are frivolous and in violation of Rule 11. Holling, *supra* at *19 ( "voluminous case law against a position, and the lack of a single authority support her position, strongly indicates that [an] argument [is] frivolous and sanctionable under Rule 11")(Exhibit 2).

By phrasing her causes of action as if they are grounded in existing law, despite the plethora of contrary controlling authority, Plaintiff has also skirted her Rule 11 obligations. See The Terminix International Company v. Kay, 150 F.R.D. 532 (E.D.Pa. 1993)("A party's position, even if superficially plausible, cannot be accepted as a good faith argument for the extension of existing law if, in framing the pleadings, the party ignores the controlling authority"). Even if Plaintiff's counsel recognized that the claims would not succeed under existing law, she has neither stated her intentions nor argued to the effect that a good faith extension of existing law would support Plaintiff's claims. See Katzman v. Victoria's Secret Catalogue, 167 F.R.D. 649 (S.D.N.Y. 1996), reh'g denied, 939 F.Supp. 274, aff'd 113 F.3d 1229 (2d. Cir. 1997) (mere assertions contrary to existing precedent do not qualify as good faith argument for extension).

To the extent she presumably relies upon minority opinions from federal authority, Plaintiff has clearly not acknowledged that Sixth Circuit precedent squarely bars her federal claims. The Eleventh Circuit has aptly explained a lawyer's obligation in this regard:

> It is the rare law that does not exist somewhere * * * , the question is not whether the law exists, but whether it pertains in the jurisdiction in which the law is being asserted. * * *Jurisdiction A might recognize the tort of "XYZ" which Jurisdiction B does not. A lawyer in B could not in good faith submit a complaint based on an XYZ

6

> cause of action asserting that XYZ is the existing law merely because XYZ is a legitimate cause of action. Instead, the lawyer would be required to inform the court that she recognized that XYZ was not a cognizable action in B but that she believed that the law of B should be extended, modified, or reversed to incorporate the tort of XYZ. Only then would the lawyer have satisfied her obligations under Rule 11.

DeSisto College, Inc. v. Line, 888 F.2d 755 (11th Cir. 1989). Plaintiff and her counsel have utterly failed to meet even the minimal burden of informing the Court that controlling case law precludes her federal claims, and articulating at least an intention to argue for the extension, modification, or reversal of existing law.

Finally, it is well established that under Rule 11, both the attorney and the litigant have a continuing obligation to review and re-evaluate their pleadings, motions, and other papers; and that, upon learning that these papers may be without merit, they must dismiss the action. See Herron v. Jupiter Transp. Co., *supra*, 858 F.2d 332, 336 (6th Cir. 1998); Costanzo v. Plain Dealer Publishing Co., 715 F.Supp. 1380 (N.D. Ohio 1989). A minimal inquiry into the facts and law of this case would have lead an "ordinarily conscientious attorney to the conclusion that [her] case was without merit, and should be withdrawn." Costanzo, 715 F. Supp. at 1383. Accordingly, by filing the instant Complaint and refusing to withdraw her claims upon review of the case law set forth in Defendants' Memorandum in Support of its Motion to Dismiss, Plaintiff's counsel has violated Rule 11 of the Federal Rules of Civil Procedure.

## III. CONCLUSION

For the foregoing reasons, Defendants are entitled to an award of costs and fees associated with this Motion, as well as any costs and fees associated with the accompanying Motion to Dismiss that Defendants were forced to file in response to Plaintiff's Complaint.

Respectfully submitted,

_____
Lee J. Hutton (0006794)
Brooke Miller Hice (0072627)
DUVIN, CAHN & HUTTON
Erieview Tower, 20th Floor
1301 East Ninth Street
Cleveland, Ohio 44114
(216) 696-7600
(216) 696-2038 - Fax

Attorneys for Defendants
UNITED CONSUMER FINANCIAL SERVICES

155991

## CERTIFICATE OF SERVICE

I hereby certify that on July 18th, 2001, a copy of the foregoing *Defendants' Motion for Rule 11 Sanctions and Memorandum in Support Thereof* were served, via U.S. Mail, upon Plaintiff's Counsel, Randi A. Barnabee, D.A. Smith Co., L.P.A., 9265 Olde Eight Road, Northfield Center, OH, 44064-2013

_____
Lee J. Hutton